**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


**KYNDAL GRANT ORANGE,**

                       **Plaintiff,**

        **v.**                                          **CASE NO. 21-3085-SAC**

**KEVIN WAGNER, et al.,**

                       **Defendants.**


**NOTICE AND ORDER TO SHOW CAUSE**

    This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a person held at the Marshall County Jail, proceeds pro se and in forma pauperis.

**Nature of the Complaint**

    Plaintiff sues two jail employees, Kevin Wagner and Ethan Crownover. He states that on October 2, he was placed on lockdown in the jail and then told staff members that he "was going to beat [his] head against the door until [he] was brain dead." (Doc. 1, p. 2.) Defendant Wagner stated he would return plaintiff's belongings if he stopped, but plaintiff refused. Staff members then left the area. Plaintiff states that he then told another prisoner to tell the jail staff that he was suicidal. The staff responded but then left plaintiff in his cell for an hour. Plaintiff then asked another prisoner to use his jail account to send a message to his family "letting them know that the jail was being negligent" but jail personnel refused to send the message. (*Id.*, p.3.)  Plaintiff alleges his rights were violated by deliberate indifference. He seeks damages for his pain and suffering and mental anguish and immediate release.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se

plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Twombly*, 550 U.S. at 1974).

**Discussion**

The court has conducted an initial review of the complaint and has identified certain deficiencies. First, because plaintiff is incarcerated, his request for compensatory damages must be supported by a physical injury. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury...."). *See also Argetsinger v. Ritter*, No. 08-cv-01990, 2009 WL 3201088, at

*4 (D. Colo. Sept. 29, 2009) ("The Court agrees with the rationale ... that allegations of a self-inflicted injury do not show that a physical injury occurred at the hands of prison officials, as required by § 1997e(e).") (citations omitted). Plaintiff has alleged no injury caused by the defendants.

Next, plaintiff's request for immediate release cannot be granted in a civil rights action. Challenges to a prisoner's confinement must be presented in habeas corpus after exhaustion in the state courts. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (emphasis added).

Accordingly, the court will direct plaintiff to show cause why this matter should not be dismissed. In the alternative, plaintiff may file an amended complaint that corrects the deficiencies noted.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **May 3, 2021,** to show cause why this matter should not be dismissed or to submit a proper amended complaint. The failure to file a timely response may result in the dismissal of this matter without additional notice.

**IT IS SO ORDERED.**

DATED:  This 2nd day of April, 2021, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge